IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TERRENCE WILLIAMS, ) | |
| ) | |
| Plaintiff, ) | Case No.: |
| ) | |
| v. ) | COMPLAINT FOR VIOLATION OF |
| ) | CIVIL RIGHTS |
| City of Chicago Police Officers JAMIE ) | |
| CHESNA, Star No. 11881, and RAOUL ) | |
| MOSQUEDA, Star No. 13662. ) | **JURY DEMANDED** |
| ) | |
| Defendant. ) | |

**JURISDICTION AND VENUE**

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

**PARTIES**

3. At all times herein mentioned, Plaintiff, TERRENCE WILLIAMS (hereinafter "Plaintiff") was and is a citizen of the United States, and was within the jurisdiction of this court.

4. At all times herein mentioned, Defendant City of Chicago Police Officer Jamie CHESNA, Star No. 11881, (hereinafter "Chesna") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in her individual capacity.

5. At all times herein mentioned, Defendant City of Chicago Police Officer Raoul MOSQUEDA, Star No. 13662, (hereinafter "Mosqueda") was employed by the City of Chicago Police Department, and was acting under color of state law and as the employee, agent, or representative of the City of Chicago Police Department. This Defendant is being sued in his individual capacity.

## FACTUAL ALLEGATIONS

6. On or about December 1, 2010, Plaintiff was lawfully in his vehicle around 1:30 a.m. at a stop sign at or near 75th and Halstead, City of Chicago, County of Cook, State of Illinois.

7. As Plaintiff was behind another vehicle, waiting to turn left at a stop sign, an unknown individual walked towards his car and began trying to speak to Plaintiff through his passenger side window. This unknown person never entered Plaintiff's car nor was this person solicited in any way by Plaintiff to enter his vehicle.

8. At this time, Defendants pulled up in their squad car alongside Plaintiff's vehicle.

9. As soon as Defendants pulled up alongside Plaintiff's car, on that day and place, Chesna and Mosqeda seized Plaintiff.

10. Plaintiff did not consent to being seized.

11. There was no outstanding arrest warrant for Plaintiff.

12. There was no legal cause to seize Plaintiff.

13. Plaintiff was transported to a City of Chicago police station where he was imprisoned and his vehicle was impounded by Defendants.

14. Plaintiff was charged by Defendants with soliciting a prostitute. This charge was dropped in January 2011.

15. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

16. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

17. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### Plaintiff against Defendants, Chesna and Mosqueda, for
### FALSE ARREST

18. Plaintiff hereby incorporates and realleges paragraphs one (1) through fourteen (14) hereat as though fully set forth at this place.

19. By reason of the conduct by Chesna and Mosqueda Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and/or Fourteenth Amendments to the Constitution of the United States and laws enacted thereunder.

20. Defendants caused the arrest of Plaintiff, and they did so unreasonably and without probable cause. Therefore, Defendants are liable for this arrest under 42 U.S.C. §1983.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That the Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That the Defendants be required to pay Plaintiff's special damages;

3. That the Defendants be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the Defendants be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Edward M. Fox
Edward M. Fox
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
efox@efox-law.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

                      BY:      s/ Edward M. Fox
                                Edward M. Fox
                                ED FOX & ASSOCIATES
                                Attorneys for Plaintiff
                                300 West Adams
                                Suite 330
                                Chicago, Illinois 60606
                                (312) 345-8877
                                efox@efox-law.com